## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

MYIA S. MCGOWAN,

                    Plaintiff,

        -vs-

ANDREW SAUL,
Commissioner of Social Security ,

                    Defendant.

DECISION AND ORDER

18-CV-6608-MJP

---

## INTRODUCTION

Plaintiff Myia S. McGowan ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits. Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 14.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Pl.'s Mot. for Jud. on the Pleadings, Apr. 5, 2019, ECF No. 10; Comm'r's Mot. for Jud. on the Pleadings, Jun. 4, 2019, ECF No. 12.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On November 3, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability due to both physical and mental impairments. (R.[1] 176, 197.) Plaintiff alleges that her disability began on July 7, 2015. (R. 176.) The Social Security Administration denied Plaintiff's claim on December 23, 2015. (R. 97–101.) On March 16, 2017, a hearing was held before Administrative Law Judge ("A.L.J.") Hortensia Haaversen in Falls Church, Virginia. (R. 43, 45.) Plaintiff participated in the hearing and was represented by counsel. (R. 45.) A vocational expert also testified at the hearing. (R. 45.)

The A.L.J. issued an unfavorable decision on July 6, 2017, finding that Plaintiff had the following severe impairments: "affective disorder and degenerative disc disease." (R. 18.) Nevertheless, the A.L.J. determined that Plaintiff was able to

> perform light work as defined in 20 CFR 404.1567(b) except she should avoid concentrated exposure to extremes in temperature, fumes, odors, presence of toxic substances, dust, and poor ventilation. The claimant can follow and understand simple directions and instructions, perform simple tasks independently, maintain a regular schedule, and learn new tasks. She is limited to low stress jobs defined as only occasionally decisionmaking [sic] and occasional interaction with the public.

(R. 21–22.)

---

[1] "R __" refers to the page in the Administrative Record filed by the Commissioner of Social Security on February 4, 2019. (ECF No. 8.)

Plaintiff appealed to the Social Security Administration's Appeals Council and that body denied her request for review on June 22, 2018, making the A.L.J.'s decision the Commissioner's final decision. (R. 1–6.) Plaintiff filed this lawsuit on August 20, 2018.

**STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits

the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1)      whether the claimant is currently engaged in substantial gainful activity;

(2)      if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3)      if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4)      if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5)     if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review. First, Plaintiff asserts that the A.L.J.'s physical RFC determination was erroneous because she failed to properly evaluate Plaintiff's physical impairments and failed to form a supported physical RFC determination. (Pl.'s Mem. of Law at 1, Apr. 5, 2019, ECF No. 10-1.) Second, Plaintiff contends that the A.L.J.'s mental RFC determination was not supported by substantial evidence. *Id.* For the reasons discussed below, this matter must be remanded for a rehearing.

### The A.L.J.'s Physical RFC was Not Supported by Substantial Evidence.

The Court agrees with Plaintiff that the A.L.J. erred in assessing Plaintiff's physical RFC. (Pl.'s Mem. of Law at 16–19.) "An A.L.J. is not a medical professional, and is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 257 (W.D.N.Y. 2018) (citations omitted). In other words, the A.L.J. may not interpret raw medical data in functional terms. *Smith v. Comm'r of Soc.*

*Sec.*, 337 F. Supp. 3d 216, 226 (W.D.N.Y. 2018) (citations omitted); *Rodriguez v. Colvin*, No. 13-CV-07607, 2015 WL 1903146, at *24 (S.D.N.Y. Mar. 31, 2015) ("An A.L.J. may not . . . reject an examining source's conclusions based on the A.L.J.'s own interpretation of the medical evidence, because . . . an A.L.J. may not substitute his own opinion of the medical evidence for that of a medical professional . . . [i]n determining that [the consultative doctor's] findings did not support her conclusions that Plaintiff suffered from significant limitations, the A.L.J. did not rely on the opinion of any medical other professional, but instead appears to have relied on his own interpretation of the evidence"). Accordingly, it is error for an A.L.J. to make an RFC determination without opinions from medical professionals concerning the impact of the objective medical evidence on a plaintiff's RFC. *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016).

In determining Plaintiff's physical RFC, the A.L.J. considered the opinions of consultative examiner Rita Figueroa, M.D., and employability assessments for the Monroe County Department of Human Services. (R. 28.) After conducting an examination of Plaintiff, Dr. Figueroa opined only that Plaintiff "should avoid exposure to smoke, dust, and any respiratory irritants." (R. 315.) In addition, Plaintiff underwent three physical assessments for determination of employability with the Monroe County Department of Human Services. (R. 363–66; 371–76; 380–83.)

The A.L.J. accorded "partial weight" to Dr. Figueroa's opinion, finding that the doctor's opinion that Plaintiff should avoid exposure to smoke, dust, and any respiratory irritants was too limited. (R. 28.) The A.L.J. concluded that Plaintiff "can have some exposure to these respiratory irritants, just not concentrated exposure" because Plaintiff's physical examination showed "grossly normal respiratory and cardiovascular findings." (*Id*.)

The A.L.J. did "not accord great weight" to the employability assessments conducted by the Monroe County Department of Human Services. (R. 28.) The A.L.J. provided several reasons for essentially rejecting the assessments, including, but not limited to, the fact that any determination regarding disability is reserved to the Commissioner. (R. 28.) Moreover, despite indicating in her decision that she considered these opinions when assessing Plaintiff's RFC, she also states "[h]owever, the opinions are too inconsistent internally and with the medical evidence of record to receive significant weight." (R. 28–29.) Given these statements it is unclear whether the A.L.J. actually did consider the employability assessments when determining the RFC.

Importantly, based upon the forgoing, the A.L.J.'s physical RFC determination that Plaintiff can perform "light work" could not have been based upon substantial evidence. First, Dr. Figueroa's opinion solely dealt with Plaintiff's respiratory issues and did not address any physical functional limitations beyond that. The only remaining opinions regarding Plaintiff's

functional limitations were from the employability assessments conducted by the Monroe County Department of Human Services, which the A.L.J. rejected. *See Solomon v. Barnhart*, 01-CV-5856, 2006 WL 3794292, at *4 (S.D.N.Y. 2006) (A.L.J. "rejected" the medical conclusions of two treating doctors where he "did not accord great weight" to their opinions). In other words, there was no medical opinion evidence upon which the A.L.J. could have based Plaintiff's physical RFC. The A.L.J. provides no explanation for how Dr. Figueroa's opinion and the Monroe County Department of Human Services employability assessments supported a finding of "light work." This is reversible error.

Moreover, in effectively rejecting the opinions in the record relating to Plaintiff's physical impairments, the A.L.J. did not rely on any opinion evidence from an acceptable medical source when making her RFC determination. The A.L.J., therefore, determined Plaintiff's RFC based on her own interpretation of the medical record, which is not permissible.

The forgoing errors require reversal and remand. Since remand is required, the Court need not address the other argument advanced by Plaintiff in support of her motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 10) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 12) is denied. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing.

The Clerk of the Court is directed to enter judgment in favor of the Plaintiff

and close this case.

**IT IS SO ORDERED.**

DATED:      March 17, 2020
                Rochester, New York

                                      <u>/s/ Mark W. Pedersen</u>
                                        MARK W. PEDERSEN
                                        United States Magistrate Judge